## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2020, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General

Bernard Lobermann
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David W. Burget,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 8, 2020

Court of Appeals Case No.
20A-CR-999

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-2001-F3-2

**Weissmann, Judge.**

[1] David Burget appeals the thirty-six-year sentence imposed by the trial court after he was found guilty, as an habitual offender, of Level 3 felony criminal confinement, Level 5 felony intimidation, and Level 6 felony strangulation. Burget argues the sentence is inappropriate in light of the nature of the offenses and his character. Given the terrorizing nature of Burget's crimes, the underlying betrayal in his conduct, and his criminal history, we find the sentence not inappropriate and affirm.

# Facts

[2] Burget was kicked out of his brother's home and found sanctuary with Patricia Justice, a childhood friend with whom he had recently reacquainted. Tr. Vol. II pp. 32-34. Justice agreed that Burget could temporarily stay with her, but she soon caught Burget smoking "crack" cocaine in her living room and ordered him to leave. *Id.* at 34-36. Burget responded violently, grabbing Justice by the throat, slamming her against a wall, and strangling her on the floor. *Id.* at 36-37, 40. He then held a knife to Justice's neck and taunted, "I'm just gonna slit your throat[,] bitch." *Id.* at 40. Justice begged for her life until Burget finally released his grip. *Id.* But Justice's ordeal was not yet over.

[3] For the next two hours, Burget held Justice captive in and around her home while he continued to smoke crack cocaine. *Id.* at 42. During this time, Burget told Justice he would "gut" her if she fought back and kill her if she tried to flee. *Id.* at 42-43. Burget also warned Justice not to call 911, threatening to kill

anyone who came to her aid. *Id.* at 42. Eventually, Justice managed to escape when Burget took her to a nearby motel to acquire more drugs. *Id.* at 47-49.

[4] The State charged Burget with one count each of Level 3 felony criminal confinement, Level 5 felony intimidation, and Level 6 felony strangulation. Appellant's App. Vol. II pp. 13-18. A jury convicted Burget on all counts and determined he was an habitual offender. *Id.* at 43, 150.

[5] The trial court sentenced Burget to sixteen years for criminal confinement, enhanced by twenty years for Burget's habitual offender status. *Id.* The trial court also sentenced Burget to concurrent terms of five years for intimidation and two years for strangulation, yielding a net sentence of thirty-six years. *Id.* Burget now appeals.

# Discussion and Decision

[6] Burget seeks relief under Indiana Appellate Rule 7(B), arguing the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. In reviewing the appropriateness of a sentence, our "principal role . . . is to attempt to leaven the outliers . . . not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (internal citations and quotations omitted). Accordingly, we give "substantial deference" and "due consideration" to the trial court's sentencing decision. *Id*.

[7] With respect to the nature of the offenses, Burget terrorized Justice for hours after she graciously sheltered him in her home. Burget slammed Justice against

a wall, strangled her, held a knife to her throat, and threatened to gut her if she tried to escape. Although Justice emerged from the ordeal without any major physical injuries, she suffers deeply embedded emotional trauma. Tr. Vol. II pp. 50, 182. Perhaps most notably, Justice can no longer associate with some of her longstanding friends out of fear that they, too, might attack her. *Id.* at 182.

[8] Burget acknowledges the severity of his offenses but claims they do not justify the maximum sentence permitted by law. Yet, the thirty-six-year sentence imposed by the trial court was four years less than the maximum sentence Burget faced for his Level 3 felony conviction with an habitual offender enhancement. *See* Ind. Code §§ 35-50-1-2-(d)(4), -2-8-(i)(1). We are unmoved as a result.

[9] As to Burget's character, his presentence investigation report reveals thirteen prior felony and fourteen prior misdemeanor convictions. Appellant's App. Vol. II pp. 138-43. These include convictions on three counts of Class C felony burglary, two counts of Class D felony possession of cocaine, two counts of Class A misdemeanor possession of paraphernalia, and four counts of operating while intoxicated—one as a Class D felony and three as Class A misdemeanors. *Id.* Burget has had suspended sentences revoked on three occasions, probation revoked twice, and parole revoked once. *Id.* He also has been deemed a "[h]igh" risk to re-offend. *Id.* at 145.

[10] The crux of Burget's character argument is that, notwithstanding his three burglary convictions, his criminal history consists mostly of non-violent drug

crimes that are unlike the violent crimes for which he has been sentenced. Burget glosses over his history of substance abuse and ignores the role illegal drug use played in his confinement, intimidation, and strangulation of Justice.

[11] Despite Burget's drug-related convictions and his participation in seven separate substance abuse treatment programs, Burget has regularly used cocaine since age thirty-two and was using it twice per week in advance of his crimes. *Id.* When Burget was given shelter in a time of need, he violated Justice's trust by smoking crack cocaine in her home. Then, after strangling and intimidating Justice, Burget confined her while he continued to use illegal drugs. And it was only when Burget sought out more drugs that Justice was able to escape.

[12] Considering Burget's criminal history and his torment of a welcoming friend, we find the aggregate thirty-six-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Burget's character.

[13] The judgment of the trial court is affirmed.

Mathias, J., and Altice, J., concur.